# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

COLETTE MCCADD,               )
                             )
     Plaintiff,             )
                             )     Case No. 22-cv-07096
            v.               )
                             )
THE KRAFT HEINZ COMPANY   )
                             )     Judge Sharon Johnson Coleman
     Defendant.         )
                             )
                             )

## MEMORANDUM OPINION AND ORDER

Plaintiff Colette McCadd ("Plaintiff") filed her Complaint against Defendant The Kraft Heinz Company ("Defendant") alleging religious discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"). Before the Court is Defendant's motion for summary judgment. For the following reasons, the Court grants Defendant's motion for summary judgment [44].

**BACKGROUND**

The following facts are undisputed. In or about December 2006, Plaintiff began her employment with Defendant in the research and development ("R&D") department as an Associate Scientist II. At the time of her termination, Plaintiff was a Senior Manager of the Culinary Function in the R&D department. In Fall 2021, Defendant adopted a mandatory policy which required its employees to be fully vaccinated against COVID-19 by January 2022 (the "COVID-19 Vaccine Policy"). Relevant here, employees with a sincerely held religious belief that prevented them from receiving the COVID-19 vaccine could request an exemption from the COVID-19 Vaccine Policy. Defendant required employees to submit the exemption request to Marzia Valika ("Valika"), Associate Director of People and Performance.

Plaintiff, a practicing Christian, submitted her exemption request based on her religious beliefs on September 28, 2021, with the following explanation:

> I am requesting religious accommodation, based on my sincerely and strongly held religious beliefs as a Christian (1 John 2:23-24), based on the Word of God, Bible scriptures, found in 1 Corinthians 3:16-17 and Acts 5:29, to honor God as well as my body. My body is the temple of the Holy Spirit and I am to glorify God with my body and my spirit, which belong to Him (1 Corinthians 6:19-20)

On October 1, 2021, Plaintiff met with Valika to discuss her exemption request. During the meeting, Plaintiff reported that she "believes in Jesus Christ and God and believes that her body belongs to God," and that God gave "her direction on what to do with it and how she needs to honor Him by honoring her body." Plaintiff further stated the COVID-19 Vaccine Policy did not "give her the opportunity to honor God through her body."

On December 3, 2021, Defendant denied Plaintiff's exemption request, determining that the information provided did not "demonstrate a conflict between the COVID-19 vaccine and a sincerely held religious belief." While Defendant provided an appeal process, permitting employees to appeal a denial of their exemption request within seven days of the decision, Plaintiff did not appeal the denial. Plaintiff declined to receive the COVID-19 vaccine and was thereafter terminated on January 31, 2022.

Approximately 100 – 200 employees submitted an exemption request, with most requests seeking an exemption based on a religious belief. Defendant granted most of the religious exemption requests, including those based on Christian beliefs.

The main dispute in this lawsuit is whether Plaintiff's beliefs are "religious" and Defendant's failure to accommodate Plaintiff's religious beliefs by denying her exemption request to the COVID-19 Vaccine Policy and, thereafter, terminating Plaintiff for failing to receive the COVID-19 vaccine violated Title VII.

**LEGAL STANDARD**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as

to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a);

*Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23, 106 S. Ct. 2548, 91 L.Ed.2d 265 (1986). A genuine

dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505,

2510, 91 L.Ed.2d 202 (1986). When determining whether a genuine issue of material fact exists, the

Court must view all evidence and draw all reasonable inferences in favor of the nonmoving party.

*Id.* at 255; *Hackett v. City of South Bend,* 956 F.3d 504, 507 (7th Cir. 2020). After "a properly

supported motion for summary judgment is made, the adverse party 'must set forth specific facts

showing that there is a genuine issue for trial.'" *Anderson,* 477 U.S. at 255 (citation omitted).

**DISCUSSION**

Title VII prohibits an employer from failing or refusing to hire or discharging any individual,

or otherwise discriminating against any individual with respect to her compensation, terms,

conditions, or privileges of employment due to the individual's religion. *See* 42 U.S.C. § 2000e *et seq.*

To state a claim for religious discrimination under Title VII, an employee must allege: (1) a religious

observation or practice that conflicts with an employment requirement; (2) that the employee called

the religious observance or practice to the employer's attention; and (3) that the religious observant

or practice was the basis for the employee's discharge or other discriminatory action. *Adeyeye v.

Heartland Sweeteners, LLC,* 721 F.3d 444, 449 (7th Cir. 2013). The first element is at issue here.

Under Title VII, "religion" is defined as including "all aspects of religious observance and

practice, as well as belief, unless an employer demonstrates that he is unable to reasonably

accommodate" a "religious observance or practice without undue hardship on the conduct of the

employer's business." 42 U.S.C. § 2000e(j). A belief is religious if it "occupies a place in the life of

3

its possessor parallel to that filled by the orthodox belief in God." *Adeyeye*, 721 F.3d at 448 (internal citation omitted). Such beliefs "involve[] matters of the afterlife, spirituality, or the soul, among other possibilities." *Id.* (internal citation omitted). Indeed, not every belief is religious in nature and deserving of protection under Title VII. *See Nelson-Godfrey v. Cook Cnty.,* No. 23 C 16893, 2024 WL 2722668, at *3 (N.D. Ill. May 28, 2024) (Bucklo, J.) (internal citation omitted).

There are three factors a Court must consider when determining whether a belief is religious for the purpose of Title VII protection: (1) the belief necessitating the accommodation must actually be religious; (2) that religious belief must be sincerely held; and (3) accommodation of the employee's sincerely held religious beliefs must not impose an undue hardship on the employer. *Adeyeye,* 721 F.3d at 448.

The main issue for the Court to resolve is whether Plaintiff's beliefs are "religious" and, therefore, deserving of Title VII protection. Plaintiff's objection to the COVID-19 vaccine is based on her belief that her "body is a temple of God and the Holy Spirit" and she cannot "defile" it by ingesting certain, but not all, substances. Plaintiff believes she has "to ask God about anything regarding [her] body and going into [her] bloodstream" to avoid "defiling" her body. Here, Plaintiff was "told through God and the Holy Spirit in [her] prayer time that the COVID vaccine would defile [her] body." Plaintiff was likewise told by God that the flu vaccine, illegal drugs, and cigarettes would defile her body, but pain medication and over-the-counter medication would not defile her body. Interestingly, Plaintiff testified that alcohol, food, and caffeine do not defile her body and she is not required to consult with God as to whether she can ingest these substances. Plaintiff's beliefs do not allow her to make a "generalization" or "blanket statement" on "what will go in [her] body and what will not go in [her] body" as such determination is made on "a case-by-case basis."

Defendant argues that Plaintiff cannot establish a *prima facie* case for religious discrimination because her beliefs are not religious in nature, but are based on personal preference, and not

afforded Title VII protection.  Plaintiff claims that there is a genuine issue of material fact as to whether her beliefs are religious in nature and deserving of Title VII protection, preventing the entry of summary judgment in favor of Defendant.

While the parties cite a plethora of out-of-circuit caselaw in support of their respective positions, the Court focuses its analysis on three cases Plaintiff relies on in her opposition: two out-of-circuit district courts cases that denied summary judgment where an employee claimed a sincerely-held religious belief conflicted with receiving the COVID-19 vaccine and the sole Seventh Circuit case where the Seventh Circuit overturned the district court's decision granting a motion to dismiss a similar claim.

In *Gray v. Main Line Hosps., Inc.,* the Eastern District of Pennsylvania court denied defendant's motion for summary judgment finding that there was a genuine issue of material fact as to whether plaintiff had a sincerely held religious belief that prevented her from receiving the COVID-19 vaccine.  717 F.Supp.3d 437, 447-8.  In *Gray,* the plaintiff objected to receiving the COVID-19 vaccine because of its "genetic components" that would alter her God-given image. *Gray,* 717 F.Supp.3d at 443.  To start, the Court's focus is not on whether Plaintiff's beliefs were "sincerely held," only whether they were sufficiently "religious" and entitled to Title VII protection. Further, unlike the *Gray* plaintiff's religious beliefs, here, Plaintiff admits that her religious beliefs do not provide a general rule for when she must consult with God when ingesting a substance; rather, her religion allows her to address each substance on a "case-by-case basis."  In other words, Plaintiff can provide no specific information as to what is considered a "defiled" substance.  Plaintiff's "going off of vibes" approach allows her to cherry-pick not only when she must consult with God, but which substances "defile" her body.  Such approach is inconsistent with the *Gray* court's holding.

5

In *Floyd v. Trinity Central Home Health, LLC,* the Western District of Arkansas court denied defendant's motion for summary judgment, holding that the motion challenged plaintiff's motive and sincerity behind his objections to the COVID-19 vaccine, and that such credibility determinations should be left to the factfinder. No. 6:22-cv-06117, 2024 WL 3653055, at *6 (W.D. Ark. Aug. 5, 2024). Here, however, Defendant is not challenging the sincerity of Plaintiff's beliefs. Rather, Defendant's motion for summary judgment focuses on whether such beliefs are sufficiently religious to be protected by Title VII. It is well-within the Court's purview to determine whether Plaintiff's religious beliefs are protected by Title VII. *See Fallon v. Mercy Cath. Med. Str. Of Se. Pennsylvania,* 877 F.3d 487, 490 (3d Cir. 2017) (outlining Supreme Court's standard for determining whether a belief is religious, which requires a judge to differentiate "between those whose views [are] religious in nature and those whose views [are] 'essentially political, sociological, or philosophical.'") As the Court is not required to make a credibility determination, the *Floyd* decision is inapplicable.

Seventh Circuit caselaw is void of any applicable decisions to this fact situation. In *Passarella v. Aspirus, Inc.,* 108 F.4th 1005, 1008 (7th Cir. 2024), the Seventh Circuit made its ruling on a motion to dismiss, not a motion for summary judgment. The *Passarella* court cautioned against overreading the opinion for cases beyond the pleading stage. *Passarella,* 108 F.4th at 1012. Heeding this caution, the Court finds that the *Passarella* decision is immaterial to the resolution of Defendant's motion for summary judgment.

In considering whether Plaintiff's beliefs are "religious" and entitled to Title VII protection, the Court notes that while Plaintiff claims her refusal of the COVID-19 vaccine is grounded in her Christian faith, she identifies no specific religious tenant that conflicts with the COVID-19 vaccine. Rather, Plaintiff cites broad principles that her "body is a temple" that cannot be "defiled" by substances and that she must consult with God when ingesting some, but not all, substances (i.e., alcohol, food, etc.) to ensure that her body is not "defiled." As explained by the Third Circuit in

6

*Fallon v. Mercy Cath. Med. Ctr. Of Se. Pennsylvania*, a refusal to be vaccinated that is grounded in the belief that vaccines cause harm is essentially rooted in medical, not religious concerns.  877 F.3d 487, 492 (3d Cir. 2017).

In *Fallon,* the Third Circuit upheld the district court's dismissal of a religious discrimination claim, concluding that "[plaintiff's] beliefs, while sincere and strongly held, were not religious in nature and, therefore, not protected by Title VII."  *Fallon,* 877 F.3d at 488.  In concluding that plaintiff's beliefs did not qualify for Title VII protection, the Third Circuit noted, "[i]t does not appear that these beliefs address fundamental and ultimate questions having to do with deep and imponderable matters, nor are they comprehensive in nature."  *Fallon,* 877 F.3d at 492.

The *Fallon* court's analysis is consistent with EEOC's guidance concerning objections to the COVID-19 vaccine: "[O]bjections to the COVID-19 vaccination requirement that are purely based on… nonreligious concerns… do not qualify as religious beliefs."  *What You Should Know About COVID-19 and the ADA, the Rehabilitation Act, and Other EEO Laws*, U.S. Equal Opportunity Employment Commission (last updated May 15, 2023).  Several Northern District of Illinois courts have adopted this reasoning in dismissing religious discrimination claims arising from COVID-19 vaccine mandates.  *See Brown v. Cook County Auditor's Office,* No. 23-cv-10452, 2024 WL 3426888, at *4 (N.D. Ill. July 16, 2024) (Coleman, J.); *Flores v. Cook Cnty,* No. 23-cv-16260, 2024 WL 3398360, at *2 (N.D. Ill. July 11, 2024) (Daniel, J.); *Guthrie-Wilson v. Cook Cnty.,* No. 1:23-cv-362, 2023 WL 8372043, at *3 (N.D. Ill. Dec. 4, 2023) (Bucklo, J.)  While *Fallon* was decided on a motion to dismiss, the Court finds its reasoning relevant to this Motion based on its consistency with the EEOC guidance and the sweeping adoption in Northern District of Illinois courts.

Here, Plaintiff's beliefs do not "address fundamental and ultimate questions having to do with deep and imponderable matters." *See Fallon*, 877 F.3d at 492.  Plaintiff's opposition to the COVID-19 vaccine is facially tied to her view that receiving the vaccine would "defile" her

7

"temple." In other words, Plaintiff's beliefs would not prevent her from taking the vaccine if she believed that the vaccine would not "defile" her "temple." Clearly, the basis of her refusal to receive the COVID-19 vaccine, that it would "defile" her body, is a concern about harm to her body. This is a medical belief, not a religious one. The citation to certain Scriptures that formed her belief that she must consult with God, who directed her to refuse the COVID-19 vaccine, is an "isolated moral teaching" that "by itself, is not a comprehensive system of beliefs about fundamental or ultimate matters." *Fallon*, 877 F.3d at 492.

Plaintiff's testimony demonstrates inconsistencies of when she is required to consult with God when ingesting a substance and is further evidence that Plaintiff's beliefs are not "religious", but secular. Plaintiff testified that her beliefs require her to consult with God "about anything regarding [her] body," and anything "ingest[ed] into [her] body and going into [her] bloodstream." She likewise testified that she is not required to consult God about ingesting all substances. Plaintiff also testified that she could not provide a general rule for when she must consult God, only that she does so on a "case-by-case" basis. For example, Plaintiff provides no explanation as to why she does not have to consult God about food, alcohol, or caffeine. However, Plaintiff's testimony indicates that she must consult God about substances that enter her bloodstream and food, alcohol, and caffeine enter one's bloodstream. Clearly, Plaintiff's beliefs are inconsistent, at best, and contradictory, at worst. To accept Plaintiff's beliefs as "religious" would give her the unfettered ability to claim a violation of religious beliefs whenever she did not want to comply with an employer's mandatory policy. Northern District of Illinois courts have held that such beliefs amounting to a "blanket privilege" for an employee to make unilateral decisions and exercise bodily autonomy do not constitute religious beliefs. *See Brown,* 2024 WL 3426888, at *4 (holding that health concerns presented as religious beliefs are not afforded Title VII protection); *see Hassett v. United Airlines, Inc.,* No. 23 C 14592, 2024 WL 1556300, at *3 (N.D. Ill. Apr. 10, 2024) (Kennelly, J.)

8

(finding that an employee's unadorned allegations that he held vague "'Christian' beliefs 'against getting the COVID-19 vaccine'" were insufficient to support Title VII religious discrimination claim because one must allege "facts explaining how his beliefs conflict with vaccination"); *see Nelson-Godfrey*, 2024 WL 2722668, at *3 (same) (citations omitted).

Perhaps realizing the weakness of the manner in which she outlined her beliefs in her exemption request and at her deposition, Plaintiff's opposition, for the first time, argues that her objection to the COVID-19 vaccine is based on an anti-abortion belief. Plaintiff's opposition states that the COVID-19 vaccine has "been known to be produced with or tested on, certain ingredients which some Christians oppose, like aborted fetal cells" and therefore, injecting the COVID-19 vaccine would "defile" her body. Plaintiff offers no evidence that Defendant had "actual knowledge" of her need for the accommodation based on an anti-abortion belief. To prove religious discrimination, Plaintiff must show that her religious beliefs were a motivating factor in Defendant's decision. *See E.E.O.C. v. Abercrombie & Fitch Stores, Inc.,* 575 U.S. 768, 771, 135 S.Ct. 2028, 192 L.Ed.2d 35 (2015). Plaintiff never mentioned the anti-abortion belief in her exemption request nor at her deposition, so it is implausible that Defendant considered this belief in making its decision. Importantly, Plaintiff fails to allege that her opposition to the COVID-19 vaccine is based on an anti-abortion belief as her brief merely states that "some Christians oppose" the practice, not that Plaintiff opposes the practice. Plaintiff cannot hide behind Christian tenants that are irrelevant to her true objection to the COVID-19 vaccine, and that were not brought to Defendant's attention at the time of her exemption request, or any other time throughout her employment, in claiming religious discrimination.

Nor is it important, as Plaintiff urges, that some of Defendant's employees testified that they considered Plaintiff's views to be "religious." The proffered statements were made during fact depositions by lay individual employees on matters that occurred outside the context of the

9

litigation. The statements were not made by Defendant's 30(b)(6) witness and, therefore, cannot be imputed to Defendant. *See Schyvincht v. Menard, Inc.,* No. 18-cv-50286, 2019 WL 3002961, at *5 (N.D. Ill. July 10, 2019) (Jensen, J.) ("[T]he fact that individually named witnesses have testified concerning a subject is generally no obstacle to a 30(b)(6) deposition on the same subject.") (internal citations omitted). Such statements are not binding on this Court's analysis. *See Nelson-Godfrey,* 735 F. Supp. 3d at 980 (internal citation omitted).

As Plaintiff has failed to provide evidence that her beliefs are sufficiently religious and deserving of Title VII protection, the Court finds that summary judgment is proper.

**CONCLUSION**

For these reasons, the Court grants Defendant's motion for summary judgment [44].

**IT IS SO ORDERED.**

Date: 2/28/2025

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge

10